IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

Case No. 1:26-cv-02305

CHRISTOPHER SADOWSKI,

    Plaintiff,

v.

MATTE PROJECTS LLC and MATTE
PROJECTS HOLDINGS, LLC,

    Defendants.

## COMPLAINT

Plaintiff Christopher Sadowski ("Plaintiff") sues defendants Matte Projects LLC ("Matte Projects") and Matt Projects Holdings, LLC ("Matte Projects Holdings") (collectively, the "Defendants") and alleges as follows:

## THE PARTIES

1. Plaintiff is an individual who is a citizen of the State of New Jersey residing in the State of New Jersey.

2. Matte Projects is a limited liability company organized and existing under the laws of the State of New York with its principal place of business located at 30 Crosby St, 3rd Floor, New York, NY 10013. Matte Projects serves as its own agent for service of process.

3. Matte Projects Holdings is a limited liability company organized and existing under the laws of the State of New York with its principal place of business located at 174 Hudson St., 5th Floor, New York, NY 10013. Matte Projects Holdings serves as its own agent for service of process.

## JURISDICTION AND VENUE

4.    This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

5.    This Court has personal jurisdiction over Defendants because they have maintained sufficient minimum contacts with this State such that the exercise of personal jurisdiction over them would not offend traditional notions of fair play and substantial justice.

6.    Venue properly lies in this district pursuant to 28 U.S.C. § 1400(a) because Defendants or their agents reside or may be found in this district. "A defendant 'may be found' wherever that person is amenable to personal jurisdiction." Cavu Releasing, LLC. v. Fries, 419 F. Supp. 2d 388, 394 (S.D.N.Y. 2005). In other words, "[v]enue is proper in his District because the defendants are subject to personal jurisdiction in this District." Noble v. Crazetees.com, 2015 U.S. Dist. LEXIS 130508, at *9 (S.D.N.Y. July 16, 2015).

## FACTS

### I.    Plaintiff's Business and History

7.    Plaintiff is an award-winning photojournalist and is widely published in some of the world's most important newspapers and magazines, including but not limited to, the New York Post, Daily Mail Online, Reader's Digest, USA Today, New York Times, Fox News, CBS News, NBC News, Boston Globe, Boston Herald, Los Angeles Times, Newsweek Magazine, and People Magazine.

8.    Throughout his career, Plaintiff has been self-employed as a professional photographer who specializes in photo-documenting ordinary life and the human condition.

9.    Plaintiff travels throughout the New York, New Jersey and Connecticut tri-state area taking photographs that tell a story about tragedy, hope, calamity, joy, discord, and renewal.

10.    Using state-of-the-art equipment, Plaintiff creates high-end photography licensed

COPYCAT LEGAL PLLC
3111 N. UNIVERSITY DRIVE, SUITE 301 • CORAL SPRINGS, FL  33065
TELEPHONE (877) 437-6228

by some of the top publishers in this country. When commissioned for a job, Plaintiff spends countless hours capturing hundreds of photographs and then processing those photographs to ensure they meet customers' requirements.

11.     Plaintiff maintains a commercial website (http://www.csnyphoto.com) which describes the photography services offered by Plaintiff, hosts a sample portfolio of photographs taken by Plaintiff, and invites prospective customers to contact Plaintiff to arrange for a professional photo shoot.

12.     Plaintiff owns the photographs and serves as the licensing agent with respect to licensing such photographs for limited use by Plaintiff's customers. To that end, Plaintiff's standard terms include a limited, one-time license for use of any particular photograph by the customer only.  Plaintiff's license terms make clear that all copyright ownership remains with Plaintiff and that its customers are not permitted to transfer, assign, or sub-license any of Plaintiff's photographs to another person/entity.

## II.     The Work at Issue in this Lawsuit

13.     Plaintiff created a professional photograph of fake designer purses (titled "120722fakepurses49CS") (the "Work").  Attached hereto as **Exhibit "A"** is a spreadsheet which identifies the Work, the corresponding US Copyright Office registration number for such photograph, and one or more screenshots of the alleged infringement of such photograph.

14.     The Work was registered by Plaintiff with the Register of Copyrights on December 31, 2022 and was assigned Registration No. VA 2-334-676. True and correct copies of the Certificate of Registration pertaining to the Work are attached hereto as **Exhibit "B."**

15.     Plaintiff is the owner of the Work and has remained the owner at all times material hereto.

COPYCAT LEGAL PLLC
3111 N. UNIVERSITY DRIVE, SUITE 301 • CORAL SPRINGS, FL  33065
TELEPHONE (877) 437-6228

### III.    Defendants' Unlawful Activities

16.    Defendants operate as an advertising agency that offers production services for artists and brands. Defendants promote on their business website to have various partnerships and on-going projects.

17.    Defendants advertise/market their business through their website (https://matteprojects.com/), social media (e.g., https://www.instagram.com/matteprojects/, https://www.linkedin.com/company/matte-projects/, https://www.tiktok.com/@matte_projects, https://www.threads.net/@matteprojects, https://www.youtube.com/user/MATTEprojects, and https://x.com/matteprojects), and other forms of advertising.

18.    On June 25, 2024 (after the above-referenced copyright registration of the Work), Defendants displayed and/or published the Work on their website, webpage, social media, and/or printed media as a means of advertising, promoting, and/or marketing their business.

19.    A true and correct copy of screenshots of Defendants' website, webpage, social media, and/or printed media, displaying the copyrighted Work, is included in Exhibit "A" hereto.

20.    Defendants are not and have never been licensed to use or display the Work. Defendants never contacted Plaintiff to seek permission to use the Work in connection with Defendants' website, webpage, social media, and/or printed media – even though the Work that was copied is clearly professional photography that would put Defendants on notice that the Work was not intended for public use.

21.    Defendants utilized the Work for commercial use.

22.    Upon information and belief, Defendants located a copy of the Work on the internet and, rather than contact Plaintiff to secure a license, simply copied the Work for their own commercial use.

COPYCAT LEGAL PLLC
3111 N. UNIVERSITY DRIVE, SUITE 301 • CORAL SPRINGS, FL  33065
TELEPHONE (877) 437-6228

23.    Through his ongoing diligent efforts to identify unauthorized use of his photographs, Plaintiff discovered Defendants' unauthorized use/display of the Work on October 9, 2024. Following Plaintiff's discovery, Plaintiff notified Defendants in writing of such unauthorized use.

24.    All conditions precedent to this action have been performed or have been waived.

### COUNT I – COPYRIGHT INFRINGEMENT

25.    Plaintiff re-alleges and incorporates paragraphs 1 through 24 as set forth above.

26.    Each photograph comprising the Work is an original work of authorship, embodying copyrightable subject matter, that is subject to the full protection of the United States copyright laws (17 U.S.C. § 101 et seq.).

27.    Plaintiff owns a valid copyright in each photograph comprising the Work, having registered the Work with the Register of Copyrights and owning sufficient rights, title, and interest to such copyright to afford Plaintiff standing to bring this lawsuit and assert the claim(s) herein.

28.    As a result of Plaintiff's reproduction, distribution, and public display of the Work, Defendants had access to the Work prior to their own reproduction, distribution, and public display of the Work on their website, webpage, and/or social media.

29.    Defendants reproduced, distributed, and/or publicly displayed the Work without authorization from Plaintiff.

30.    By their actions, Defendants infringed and violated Plaintiff's exclusive rights in violation of the Copyright Act, 17 U.S.C. § 501.  Defendants' infringement was either direct, vicarious, and/or contributory.

31.    Defendants' infringement was willful as they acted with actual knowledge or

COPYCAT LEGAL PLLC
3111 N. UNIVERSITY DRIVE, SUITE 301 • CORAL SPRINGS, FL  33065
TELEPHONE (877) 437-6228

reckless disregard for whether their conduct infringed upon Plaintiff's copyright. Notably, Defendants themselves utilize a copyright disclaimer on their website ("© MMXXV. Matte Projects"), indicating that Defendants understand the importance of copyright protection/intellectual property rights and are actually representing that they own each of the photographs published on their website. See, e.g., Bell v. ROI Prop. Grp. Mgmt., LLC, No. 1:18-cv-00043-TWP-DLP, 2018 U.S. Dist. LEXIS 127717, at *3 (S.D. Ind. July 31, 2018) ("[T]he willfulness of ROI's infringement is evidenced by the fact that at the bottom of the webpage on which the Indianapolis photograph was unlawfully published appeared the following: 'Copyright © 2017.' By placing a copyright mark at the bottom of its webpage that contained Mr. Bell's copyrighted Indianapolis Photograph, Mr. Bell asserts ROI willfully infringed his copyright by claiming that it owned the copyright to everything on the webpage."); John Perez Graphics & Design, LLC v. Green Tree Inv. Grp., Inc., Civil Action No. 3:12-cv-4194-M, 2013 U.S. Dist. LEXIS 61928, at *12-13 (N.D. Tex. May 1, 2013) ("Once on Defendant's website, Defendant asserted ownership of Plaintiff's Registered Work by including a copyright notice at the bottom of the page. Based on these allegations, the Court finds Plaintiff has sufficiently pled a willful violation…."). Defendants clearly understand that professional photography such as the Work is generally paid for and cannot simply be copied from the internet.

32.     Defendants' willfulness is further demonstrated by the fact that Defendants have refused and/or failed to remove the Work from their website, webpage, social media, and/or printed media notwithstanding multiple communications sent to Defendants (via phone and email) notifying them of the infringement and demanding that the Work be removed from Defendants' website, webpage, social media, and/or printed media.  See, e.g., Prepared Food Photos, Inc. v. Perry Wings Plus, Inc., No. 22-CV-61883-RAR, 2022 U.S. Dist. LEXIS 227304,

COPYCAT LEGAL PLLC
3111 N. UNIVERSITY DRIVE, SUITE 301 • CORAL SPRINGS, FL 33065
TELEPHONE (877) 437-6228

at *10 (S.D. Fla. Dec. 19, 2022) ("Defendant's refusal to remove Plaintiff's Work after nearly a dozen communication attempts demonstrates Defendant's willfulness."); Burch v. Nyarko, 2007 U.S. Dist. LEXIS 55345, at *3 (S.D.N.Y. July 30, 2007) ("Nyarko's conduct throughout this action – reflected in his refusal to talk to Plaintiff, to remove the photographs promptly from the website, and to respond to this suit – supported a finding of willfulness under 17 U.S.C. § 504©(2)."); Schwabel v. HPT Serv., LLC, No. 3:17-cv-791-J-34JBT, 2018 U.S. Dist. LEXIS 171820, at *10 n.8 (M.D. Fla. Sep. 6, 2018) ("Because Defendant failed to remove the Photograph from the subject sites after Plaintiff demanded that he do so, the undersigned recommends that the infringements were willful."). As of the date of this filing, the Work is still published on Defendants' website, webpage, social media, and/or printed media.

33.    Plaintiff has been damaged as a direct and proximate result of Defendants' infringement.

34.    Plaintiff is entitled to recover his actual damages resulting from Defendants' unauthorized use of the Work and, at Plaintiff's election (pursuant to 17 U.S.C. § 504(b)), Plaintiff is entitled to recover damages based on a disgorgement of Defendants' profits from infringement of the Work, which amounts shall be proven at trial.

35.    Alternatively, and at Plaintiff's election, Plaintiff is entitled to statutory damages pursuant to 17 U.S.C. § 504(c), in such amount as deemed proper by the Court.

36.    Pursuant to 17 U.S.C. § 505, Plaintiff is further entitled to recover his costs and attorneys' fees as a result of Defendants' conduct.

37.    Defendants' conduct has caused, and any continued infringing conduct will continue to cause irreparable injury to Plaintiff unless enjoined by the Court. Plaintiff has no

COPYCAT LEGAL PLLC
3111 N. UNIVERSITY DRIVE, SUITE 301 • CORAL SPRINGS, FL 33065
TELEPHONE (877) 437-6228

adequate remedy at law. Pursuant to 17 U.S.C. § 502, Plaintiff is entitled to a permanent injunction prohibiting infringement of Plaintiff's exclusive rights under copyright law.

**WHEREFORE**, Plaintiff demands judgment against Defendants as follows:

a. A declaration that Defendants have infringed Plaintiff's copyrights in the Work;

b. A declaration that such infringement is willful;

c. An award of actual damages and disgorgement of profits as the Court deems proper or, at Plaintiff's election, an award of statutory damages for each photograph comprising the Work;

d. Awarding Plaintiff his costs and reasonable attorneys' fees pursuant to 17 U.S.C. § 505;

e. Awarding Plaintiff interest, including prejudgment interest, on the foregoing amounts;

f. Permanently enjoining Defendants, their employees, agents, officers, directors, attorneys, successors, affiliates, subsidiaries and assigns, and all those in active concert and participation with Defendants, from directly or indirectly infringing Plaintiff's copyrights or continuing to display, transfer, advertise, reproduce, or otherwise market any works derived or copied from the Work or to participate or assist in any such activity; and

g. For such other relief as the Court deems just and proper.

Dated: March 20, 2026.

COPYCAT LEGAL PLLC
3111 N. University Drive
Suite 301
Coral Springs, FL 33065
Telephone: (877) 437-6228
christine@copycatlegal.com
dan@copycatlegal.com

By: /s/ Christine Zaffarano
    Christine Zaffarano, Esq.
    Daniel DeSouza, Esq.

COPYCAT LEGAL PLLC
3111 N. UNIVERSITY DRIVE, SUITE 301 • CORAL SPRINGS, FL 33065
TELEPHONE (877) 437-6228